HERMAN WALLMAN, Plaintiff, *v.* NATHAN WOLFSON, Defendant.

Supreme Court, Special Term, New York County, February 23, 1945.

*Jay Leo Rothschild* for defendant.

*Jacob J. Kramer* for plaintiff.

EDER, J.   This is a motion by the defendant to be relieved of a stipulation of settlement made during the trial of this action and recorded in the minutes of the trial.   The application is based upon the claim that the stipulation was improvidently made, that the performance thereof involves violation of the State Boxing Commission Acts and of the Rules and Regulations of the State Athletic Commission, subjecting the parties to civil and criminal impositions; interjacent is the contention that the stipulation is offensive to public policy and hence illegal and that in the circumstances the defendant should not be obliged to adhere to and perform its terms.   It is my opinion that the claim is wanting in merit.

The action was for an accounting and for accompanying relief. On January 29, 1943, the litigating parties entered into a written

agreement with a professional boxer to act as his managers. Under the agreement he was to perform in boxing contests and in exhibitions; he was also to make personal appearances on the stage, screen and radio and to indorse commercial products and to write articles for publication by newspapers and periodicals. By the terms of the contract the plaintiff and defendant, as such managers, were to use their best efforts to procure for him remunerative engagements in any or all of these seven avenues of employment; their compensation was to be 50% of all sums derived from any of the engagements they obtained.

It is to be observed that the service which they were to render was not exclusively that of obtaining boxing matches or boxing exhibitions; as such managers they were also to use their best endeavors to secure remunerative engagements in the other mentioned commercial spheres.

The statute to which the defendant has reference is section 8 of chapter 912 of the Laws of 1920, as amended, and the pertinent portion reads as follows: " All  *  *  * professional boxers, their managers  *  *  * shall be licensed by the *  *  * committee, and no such  *  *  * person shall be permitted to *participate,* either directly or indirectly, in any such boxing or sparring match or exhibition, or the holding thereof, unless such  *  *  * persons shall have first procured a license from the  *  *  * committee." (Emphasis mine.) And the rule of the commission to which the court is referred is number 31, which is to the following effect: " A copy of all contracts entered between boxing managers and fighters must be placed on file with the Commission for approval. A contract, however, becomes null and void if at any time during this [*sic*] term the manager is not duly licensed by the Commission. A boxer is permitted to have one manager, and no one manager is allowed to participate in more than 33⅓ per cent of the ring earnings of a boxer. No assignment of any part or parts of the boxer's or manager's interest in a contract, filed and approved by the Board, will be permitted without the approval and consent of the Commission, and consent to assign, will not be granted unless a copy of the proposed agreement is submitted to the Commission for its approval."

The contract in suit was at no time submitted to the commission for its approval and was at no time filed with it; it provides for more than one manager; its terms as to the manager's compensation exceed the percentage limitation prescribed by this rule; the plaintiff is not a licensed manager of boxers. The defendant is a licensed manager of boxers and

was such on January 29, 1943, when the mentioned contract was entered into and is still so licensed. The question is whether the quoted statute and commission rule, upon which the defendant relies, are applicable.

The defendant argues that the stipulation of settlement recognizes the aforesaid agreement as valid, when, in law, it is invalid and void; that under the settlement agreement the defendant is in effect required, as a licensed manager, to pay to plaintiff, as an unlicensed manager, 30% of all moneys received and that the moneys which he is required thus to distribute represent 50% of the boxer's earnings whereas rule 31 fixes the maximum at one third; that the stipulation of settlement makes the defendant a trustee for all moneys payable to plaintiff and is in effect an assignment thereof; that the aforesaid contract and the stipulation of settlement are violative of the mentioned statute and rule and that the entire arrangements were merely designed by the parties to circumvent the statute and commission rules in order to enable the plaintiff to operate as a manager, though unlicensed; that said violations are punishable as hitherto stated; that the performance of the stipulation of settlement makes the parties offenders and that in such a situation the defendant is entitled to be relieved thereof.

As a general rule the defendant would not be permitted to complain of a transaction in violation of law and in which he was a willing participant; where, however, the question involved is of a nature which may affect the public generally or involves a question of public policy, an exception is sometimes made.

It is my opinion that said statute and commission rule are inapplicable to this contract; that it is valid and that performance of the stipulation of settlement does not violate the statute or rule.

Section 8 of the act compels procurement of a manager's license only where the services to be rendered by him require him to *participate in* a boxing match; or, as the defendant's counsel expresses it, where he is to " *perform* " his " *activities,*" " *at* a boxing contest." The statute uses the words " participate " and " in." It does not require a license for any other type of manager; it does not provide or declare that a license is imperative for one employed merely to act as a business manager of a boxer, e.g., to *negotiate* any contract for a match to be conducted in the future. (*Zwirn* v. *Galento,* 288 N. Y. 428, 432.) The rules of the commission governing managers of boxers relate to a particular type and can only validly relate to the type of manager described in the statute and cannot validly include those not therein provided for.

Neither the act nor the rule deals with or embraces persons employed to manage only the business affairs of a boxer in the sense of merely procuring boxing matches for him or engagements for boxing exhibitions nor to a management contract to secure for him engagements other than boxing contests and exhibitions. A license is required and is essential for a " participating " manager, that is, where after the match is negotiated he is to participate in it in the sense of having charge and control of the boxer in looking after him and after his interests during his training period, or at the ringside, or in the ring; such activity is to " participate in " a boxing match or exhibition within the meaning of the act. The statute and rule have reference to a manager so participating and not to one whose services consist merely of soliciting and obtaining contracts for boxing performances, or for the boxer's stage, screen and radio appearance, or for his indorsement of commercial products or for his services in writing articles for publication, like the kind of managerial service required of the plaintiff under the contract (*Zwirn* case, *supra*).

If the commission rule intended otherwise it would be ineffective; it cannot possess or have any greater application and force than the law itself and must be read in connection with it since the purpose and object of the rule must be to carry out the intent of the statute and conform thereto.

The contract is clear and unambiguous in its terms and as to the nature of the service to be rendered by the plaintiff and defendant, as managers; it does not in any sense or by any expression indicate or require or include *participating activities* by them after the bout has been negotiated; as far as the contract itself is concerned their service is performed and completed when the engagement of the services of the boxer is secured; under the terms of the contract they are not obligated to do more; in short, their task, or obligation, as such managers, is to solicit and induce others to employ him in any of the seven paths which the contract lists. If, after securing the employment of his services they are to go further and are to indulge in participating activities, the contract does not say so. But even if the contract was not clear and unambiguous and it was necessary to resort to the rule of practical construction or construction by the parties the uncontroverted evidence on the trial establishes that the plaintiff was to act solely as a business manager and that he acted only as such and that he never participated in the details of a contest as to training, seconding, handling or advising the boxer, in or out of the ring.

Such a contract as the parties here entered into does not come within the purview of the statute or the rule of the commission or within its jurisdiction (*Zwirn* v. *Galento*, 288 N. Y. 428, *supra*) and I perceive of no legal infirmity in the transaction; consequently I find no basis for the premise assumed by the defendant and presented in support of this application.

There are statements in the defendant's brief that the contract as drawn and the entire arrangement between the parties was but a scheme to evade the statute and the rules of the commission in order to enable the plaintiff to function, under cover, as a participating manager, when he had no license to do so; this is merely an assertion in a brief, and, of course, is not evidence, and there is no such evidence in the case.

In conclusion it may be well to remark that the stipulation of settlement, now sought to be revoked, is not the product of imprudence, a hasty and unthinking decision, but that, quite contrarily, the stipulation was entered into only after the parties and their counsel had given the matter adequate thought and consideration, a fact within the knowledge of the court, and of which the present substituted attorney for the defendant is seemingly uninformed.

I am disposed to view the instant proceeding as an effort by the defendant, upon second thought, to avoid the settlement agreement which he knowingly and advisedly entered into and no legal or equitable reason appears why he should be permitted to do so, and the motion to be relieved of the stipulation of settlement is denied.