In the Matter of Isaac B. Greenman, Petitioner, against S. Howard Cohen et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, Bronx County, July 16, 1945.

*Isaac Ben Greenman*, petitioner in person.

*John T. Power* for Jennie Kaplan, objector, respondent.

Eder, J. This is an application for an order to declare valid the petitions filed by the petitioner as a candidate of the Democratic Party for the office of Justice of the Municipal Court of the City of New York, Borough of Bronx, Second District. Objections were filed on various grounds, among them that the designating petitions fail to comply with the provisions of the Election Law and the rules and regulations of the Board of Elections of the City of New York with respect to the proper numbering of the sheets comprising said petition.

It appears that on July 10th a hearing was held at the Board of Elections at which time the board declared invalid the said designating petitions on the ground that there was no consecutive numbering of election and assembly districts. The right of the Board of Elections to make such a ruling is challenged by the petitioner as unauthorized, and I am of the opinion that the contention is a sound and tenable one.

Section 135 of the Election Law prescribes in detail the form of the designating petition and contains, among other things, the following: " A designating petition shall be numbered consecutively, beginning with number one, at the foot of each page and must set forth in every instance the full name of signer, his or her residence, ward (except in the city of New York), election district, town or city (except in the city of New York), and the date when the signature is affixed. In the city of New York, the petition must also set forth the assembly district in which the signer resides."

While the Board of Elections is vested with power to make rules in reference to the filing and disposition of petitions or certificates of designation or nomination, objections and specifications, the rules must be consistent with the statute. If the rule intends otherwise, it is ineffective; " it cannot possess or have any greater application and force than the law itself and must be read in connection with it since the purpose and object of the rule must be to carry out the intent of the statute and conform thereto." (*Wallman* v. *Wolfson,* 184 Misc. 520, affd. 269 App. Div. 689.)

There is no requirement in section 135 of the Election Law for the consecutive numbering of election and assembly districts in a designating petition and a rule or ruling that there must be such consecutive numbering therein imposes an additional requirement which the Legislature did not prescribe and it was an unauthorized requirement and one beyond the power of the Board of Elections to impose.

Accordingly, the ruling of the Board of Elections, aforementioned, must be and it is hereby annulled and the application is granted.

Order signed.